UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS., CDCR #H-03951,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MRS. LEWIS, Associate Warden, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  24cv0514-JAH (LR)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　Plaintiff Martin J. Bibbs, a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, is proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights while he was incarcerated at R.J. Donovan Correctional Facility ("RJD") in San Diego.  (ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

1

## I. IFP MOTION

### A. Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Bibbs, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020), quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that (they were) frivolous, malicious, or fail(ed) to state a claim upon which relief may be granted.'" *Id.*, quoting 28 U.S.C. § 1915(g). "A negative consequence that may impact a prisoner who files a frivolous complaint is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016), quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v.*

*Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason."). Once a prisoner accumulates three strikes, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he alleges he faced "imminent danger of serious physical injury" at the time of the filing of the new complaint. *Cervantes,* 493 F.3d at 1051-52 (quoting 28 U.S.C. § 1915(g)).

B.   **Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). Upon reviewing the dockets of the Eastern and Northern Districts of California, the Court finds Bibbs is ineligible to proceed IFP in this case, because while incarcerated, he has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court takes judicial notice of the federal dockets in Bibbs' prior actions. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). Bibbs' relevant prior actions are:

(1)   *Bibbs v. Tilton, et al.*, Civil Case No. 1:11cv1012-GSA (E.D. Cal. Jan. 13, 2014) (Order Dismissing Case with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A) (ECF No. 23 at 7) (strike one);

(2)   *Bibbs v. Reich, et al.*, Civil Case No. 3:21cv6079-CRB (N.D. Cal. May 15, 2023) (Order Granting Motion to Dismiss with leave to amend pursuant to Fed. R. Civ. P. 12(b)(6))[1] (ECF No. 42 at 2–6); *id.* (N.D.

---

[1] This case counts a strike under § 1915(g) because the Court granted Defendants' 12(b)(6) motion and dismissed Bibbs' case "as a whole" for two separate qualifying reasons: 1) it

Cal. April 21, 2023) (Order of Dismissal)[2] (ECF No. 43 at 1) (strike two); and

(3) *Bibbs v. Macay, et al.*, Civil Case No. 3:23cv3023-CRB (N.D. Cal. July 5, 2023) (Order of Dismissal pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which § 1983 relief may be granted) (ECF No. 5 at 3) (strike three).[3]

Because Bibbs has accumulated three "strikes" pursuant to § 1915(g) while incarcerated, he cannot proceed IFP unless he meets its "imminent danger" exception. "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head" at the time the complaint is filed, *Cervantes* 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv0347-MMA (KSC), 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021), citing *Cervantes*, 493 F.3d at 1053.

Bibbs' Complaint does not include any plausible allegations of imminent physical danger. Instead, he claims Defendants were present when he was punched by another inmate on June 7, 2023, and that they failed to immediately react, failed to order a medical examination to determine possible injuries, and failed to properly document the incident. (ECF No. 1 at 3.) In a second claim, he alleges he was not provided clean bedding or

---

was clear from the face of his pleading that several claims were time-barred; and 2) the remaining claims failed to state a claim upon which § 1983 relief could be granted. *See Reich*, Case No. 21cv6079-CRB (N.D. Cal. March 15, 2023) (ECF No. 42 at 3-6); *see also Hoffman*, 928 F.3d at 1152; *Belanus v. Clark*, 796 F.3d 1021, 1024-25 (9th Cir. 2007) (concluding that Fed. R. Civ. P. 12(b)(6) dismissal of time-barred complaint "for failure to state a cause of action upon which relief could be granted" was properly "assessed as a strike" pursuant to 28 U.S.C. § 1915(g)).

[2] *See Mangum*, 863 F.3d at 1143 ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend.").

[3] Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) "may constitute a PLRA strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." *Washington*, 833 F.3d at 1055.

clothing during a lockdown which lasted eight days in March 2023. (*Id*. at 4.) Because nothing in his pleading suggests Bibbs faced an "on going danger" at the time of filing, *i.e.*, one that was "ready to take place," or "hanging threateningly over [his] head," he does not meet the "imminent danger" exception to the three strikes rule. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II. CONCLUSION

For the reasons explained, the Court:

1. **DENIES** Bibbs' Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

2. **DISMISSES** this civil action without prejudice based on Bibbs' failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a);

3. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4. **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: March 25, 2024

John A. Houston
United States District Judge